**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALISSA D. DOCKHAM-SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL CREDIT AND COLLECTION CORP.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

ALISSA D. DOCKHAM-SMITH, ("Plaintiff") by her attorneys, Kimmel & Silverman, P.C., alleges the following against GLOBAL CREDIT AND COLLECTION CORP. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person, who resides in North Andover, Massachusetts.

6. Plaintiff is a "consumer", as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 300 International Drive, Suite 100, PMB 10015, Williamsville, New York 14221.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff, related to a CitiBank credit card

11. The alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff owes no business debt, the debt could have only been personal in nature.

13. Throughout September and October of 2011, Defendant's collectors placed numerous calls to Plaintiff's work and cellular telephones in order to collect the alleged

CitiBank debt.

14. Defendant's calls originated from numbers including, but not limited to (877) 241-7841. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant regularly called Plaintiff multiple times in a day.

16. In or around October of 2011, Defendant called Plaintiff's mother in order to discuss the alleged debt.

17. These calls were after Defendant had spoken with Plaintiff about the debt, therefore were not for the purpose of acquiring Plaintiff's contact information, but for the purpose of embarrassing Plaintiff.

18. Plaintiff's mother advised Defendant that Plaintiff could not be reached and this number, and demanded that such calls cease.

19. Despite this clear demand from Plaintiff's mother, Defendant's collectors continued to call Plaintiff's mother for the next several weeks.

20. Defendant's communications with Plaintiff were harassing and unfair.

### COUNT I
### DEFENDANT VIOLATED THE § 1692c(b) OF
### FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating with any third party related to a consumer's debt, except to acquire the consumer's location information.

22. Defendant violated § 1692c(b) of the FDCPA when it repeatedly called Plaintiff's mother, after it had already contacted Plaintiff and after Plaintiff's mother demanded that the calls cease.

**COUNT II**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

24. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it contacted Plaintiff's mother for the purpose of embarrassing Plaintiff, and when it engaged in other harassing or abusive conduct.

**COUNT III**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT VII**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

28. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and

continuously, when it called Plaintiff's mother after it had spoken with Plaintiff and after Plaintiff's mother demanded that such calls cease and when it engaged in other unfair conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALISSA D. DOCKHAM-SMITH, respectfully prays for a judgment as follows:

- a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
- b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
- d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALISSA D. DOCKHAM-SMITH, demands a jury trial in this case.

Dated: May 22, 2012            RESPECTFULLY SUBMITTED,

*/s/ Craig T. Kimmel*
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com